**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**at COVINGTON**

**CIVIL ACTION NO. 07-128-DLB**

**POMEROY IT SOLUTIONS, INC.**                                                    **PLAINTIFF**


**vs.**                          **MEMORANDUM OPINION & ORDER**


**RONALD H. McKIE, et al.**                                                   **DEFENDANTS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff, sponsor and administrator of the ERISA-regulated Pomeroy IT Solutions 401(k) Retirement Savings Plan ("the Plan"), commenced this interpleader action to determine who is the proper beneficiary of the late Thomas C. McKie's approximately $39,000 interest in the Plan.

This matter is before the Court on Intervenor-Defendant McKie Family Trust's Motion for Judgment on the Pleadings, (doc. #24), and Plaintiff's Motion for Award of Attorney's Fees and Costs, (doc. #28). Plaintiff's motion has been fully briefed, (docs. # 29, 30), and the time for Plaintiff to file a reply to the Trust's Motion for Judgment on the Pleadings has long expired; therefore, both motions are ripe for review.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

This interpleader action, filed pursuant to Federal Rule of Civil Procedure 22, arises from the February 8, 2006 death of Thomas C. McKie ("McKie").  At the time of his death, McKie participated in an ERISA benefit plan sponsored and administered by his employer Pomeroy IT Solutions, Inc. ("Pomeroy").  Despite his participation in the Plan, McKie did not provide the Plan administrators with a valid beneficiary designation plan prior to his

death.  McKie was survived by his former spouse Andria Susan McKie, his sister Laurie Avery, his brother Ronald H. McKie, and unbeknownst to the Plan administrators, his mother Ardath May McKie.

Concerned that the lack of a proper beneficiary designation to McKie's interest in the Plan might subject it to multiple liability, Pomeroy initiated this interpleader action on August 15, 2007, asking the Court to determine the proper beneficiary of its ERISA benefit plan. Of the three possible claimants known to, and served by, Pomeroy, only Ronald McKie submitted an answer to the interpleader complaint.  In his answer, Ronald McKie alleged that Pomery had failed to name an indispensable party to the interpleader action: the McKie Family Trust.

On December 21, 2007, the McKie Family Trust (" the Trust") moved, pursuant to Federal Rule of Civil Procedure 24, to intervene in the interpleader action.  The motion was granted, and on June 2, 2008, the Trust moved, pursuant to Federal Rule of Civil Procedure 12(c), for judgment on the pleadings alleging that it was the proper party to receive McKie's interest in the Plan.  Pomeroy did not file any response to the motion; however, on June 27, 2008, Pomeroy submitted a motion requesting this Court to award it $3,976.38 in attorney's fees and costs, to be paid from the proceeds of McKie's interest in the Plan.  For the following reasons, we **GRANT** the Trust's Motion for Judgment on the Pleadings (Doc. #24), **DENY** Pomeroy's Motion of Award of Attorney Fees and Costs (Doc. #28), and enter final judgment in favor of the Trust.

## II.   ANALYSIS

### A.   The Trust's Motion for Judgment on the Pleadings

Rule 12(c) of the Federal Rule of Civil Procedure provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  Motions for judgment on the pleadings are reviewed under a standard nearly identical to that employed when this Court considers a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.  *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).  Both motions require this Court to construe the complaint in the light most favorable to the Plaintiff and to accept all of the complaint's factual allegations as true.  *Penny/Olhmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005).  This Court need not, however, "accept as true legal conclusions or unwarranted factual inferences."  *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999).  "A motion brought pursuant to Rule 12(c) is appropriately granted 'when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'"  *Tucker v. Middleburg-Legacy Place, L.L.C.*, 539 F.3d 545, 549 (6th Cir. 2008) (quoting *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)).

The undisputed facts contained in the pleadings establish that at the time of his death, McKie was unmarried, without children, and domiciled in California.  In addition, McKie had not executed a valid will prior to his death.  Therefore, the distribution of his property is governed by the California intestate succession statute which provides that in the event a decedent leaves no surviving spouse or children, all property belongs "to the decedent's parent or parents equally."  Cal. Prob. Code § 6402(b) (West 2009).

Accordingly, McKie's interest in the Plan should have passed to his mother, Ardath May McKie, upon his death.

Although alive at the time of her son's death, Mrs. McKie survived her son by less than two months, dying testate in California on April 2, 2006.  The terms of Mrs. McKie's pour-over will provided that the entire residue of her estate should be placed in the McKie Family Trust.  Therefore as Thomas McKie's interest in the plan should have passed to his mother upon his death, and to the McKie Family Trust upon her death, this Court holds that the McKie Family Trust is the rightful beneficiary of Thomas McKie's interest in the Plan, and the Trust's Motion for Judgment on the Pleadings is GRANTED.

### B.    Pomeroy's Motion for Attorney's Fees and Costs

#### 1.    ERISA

In an action by a plan participant, beneficiary, or fiduciary, the court, in its discretion, "*may* allow a reasonable attorney's fee and costs action to *either* party."  29 U.S.C. § 1132(g)(1) (emphasis added); *First Trust Corp. v. Bryant*, 410 F.3d 842, 851 (6th Cir. 2005).  The Trust correctly points out that there is no presumption that attorney's fees and costs are to be awarded to either party, *id.*, and that section 1132(g) of Title 29 "confers broad discretion on [this Court] in making an award of attorney's fee's in an ERISA action," *Schwartz v. Gregori*, 160 F.3d 1116, 1119 (6th Cir. 1998).

The Sixth Circuit Court of Appeals requires this Court to consider the following five factors in deciding whether to award attorney's fees in an ERISA action:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal

4

questions regarding ERISA; and (5) the relative merits of the parties' positions.

*Sec'y of Dep't of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985);*see also Maurer v. Joy Techs., Inc.*, 212 F.3d 907 (6th Cir. 2000).  "Because no single factor is determinative, the court must consider each factor before exercising its discretion." *Schwartz*, 160 F.3d at 1119.  However, because these factors are not statutory, they are not dispositive.  *First Trust Corp.* 410 F.3d at 851.  "Rather, they are simply considerations representing a flexible approach."  *Id.*

This Court finds that the *King* factors weigh against an award of attorney's fees and costs in this case.[1]  First, Pomeroy has not identified any degree of bad faith exhibited, or culpable conduct committed, by the Trust.  On the contrary, upon learning of this suit the Trust - a possible beneficiary unidentified by Pomeroy - moved to intervene, and has participated in all aspects of this suit in a proper and timely manner.  Therefore, the first *King* factor weighs against an award of attorney's fees and costs.

The second *King* factor neither favors nor disfavors an award of fees and costs.  Because any award would be paid from the Plan proceeds - and the requested fees and costs do not exceed the amount of McKie's interest in the Plan - the ability of the Trust to pay an award of attorney's fees and costs is not an issue.

Third, as this Court has no interest in deterring parties to litigation from acting in the prompt and professional manner in which the Trust has conducted itself in the case at bar, the third *King* factor weighs against an award of fees and costs.  Indeed, as the Sixth

---

[1] In its motion requesting fees, Pomeroy cited liberally to an unpublished order previously issued by this Court in another case.  Such reliance upon unprecedential authority is misplaced.

5

Circuit made clear in *First Trust Corporation v. Bryant*, there cannot possibly be any deterrent effect in awarding fees against an intervening defendant who did nothing wrong. *First Trust Corp.*, 410 F.3d at 854.  Here, as in *First Trust*, the Trust "merely sought benefits that were rightfully [its], and moreover, properly employed the judicial machinery in seeking the funds."  *Id.*

The fourth *King* factor arguably supports an award of attorney's fees and costs.  By investigating the pool of potential beneficiaries and filing the instant action, Pomeroy was seeking to have the Court determine who should receive the plan proceeds.  It should be noted, however, that Pomeroy's investigation of potential beneficiaries was perfunctory at best.  Not only did Pomeroy fail to identify the Trust as a possible beneficiary, its investigation failed to discover that McKie's mother - the sole beneficiary of his estate under the California intestate succession statute - was still alive at the time of his death.  Nevertheless, in initiating this interpleader action Pomeroy was attempting to confer a common benefit on all potential beneficiaries of its ERISA plan proceeds.

The fifth, and final, *King* factor weighs against an award of fees and costs as, for the reasons stated above, the Trust has prevailed on the merits as it is the rightful beneficiary of McKie's interest in the Plan.  In addition, this Court observes that Pomeroy is a sophisticated business entity that, through its ability to periodically check its records to ensure that its enrollees have valid beneficiary designations on file, could foresee and plan for interpleader suits.  *See First Trust Corp.*, 410 F.3d at 855.  Indeed, in situations such as this, several courts have noted that it is not necessary to award attorney's fees in interpleader actions where the expenses incurred by the interpleader are those which occur in the normal course of business.  *See, e.g., Travelers Indemnity Co. v. Israel*, 354 F.2d

488, 490 (2d Cir. 1965) ("We are not impressed with the notion that whenever a minor problem arises in the payment of insurance policies, insurers may, as a matter of course, transfer a part of their ordinary cost of doing business of their insureds by bringing an action for interpleader."); *Unum Life Ins. Co. of America v. Kelling*, 170 F. Supp. 2d 792, 795 (M.D. Tenn. 2001) ("Competing claims arise during the normal course of business and the cost of doing such business should not be transferred to the insured.").

In summary, this Court finds that the five *King* factors collectively weigh against an award of attorney's fees and costs  to Pomeroy. Accordingly, Pomeroy's motion for fees and costs under ERISA will be denied.

### 2.    Interpleader

Pomeroy also seeks attorney's fees and costs under the federal interpleader statute, 28 U.S.C. §§ 1335, 1397, 2361.  The interpleader statute, however, does not contain an attorney's fee provision.  *First Trust Corp.*, 410 F.3d at 856.  Despite this lack of express statutory authority, courts have relied on language in 28 U.S.C. § 2361 which authorizes a district court to "hear and determine the case, . . . discharge the plaintiff from further liability, . . .and make all appropriate orders to enforce its judgment," to award attorney's fees.  28 U.S.C. § 2361; *First Trust Corp.*, 410 F.3d at 856.

Although "modern federal practice follows the traditional equity rule that gives the trial court discretion to allow a disinterested stakeholder to recover attorney's fees and costs from the stake itself," 4 James William Moore et al., Moore's Federal Practice § 22 -98 to 22-99 & n.4 (3d ed. 2002), this Court declines to exercise its discretion in the case at bar.

This Court declines to grant attorney's fees and costs on equitable grounds as (1)

it has already determined that Pomeroy is not entitled to attorney's fees under ERISA's express statutory provision authorizing attorney's fees, and (2) Pomeroy never accused the Trust of any inequitable or improper conduct.

### III.    CONCLUSION

Therefore, for the reasons stated herein,

**IT IS ORDERED as follows:**

1.    Defendant's Motion for Judgment on the Pleadings (Doc. #24) is hereby **GRANTED**;

2.    Plaintiff's Motion for Attorney's Fees and Costs (Doc. #28) is hereby **DENIED**;

3.    Plaintiff is directed to pay the total benefit amount (including applicable interest, if any) of Thomas C. McKie's interest in the Plan to the McKie Family Trust;

4.    This matter is hereby **STRICKEN** from the docket of the Court;

5.    A Judgment in favor of Defendant McKie Family Trust will be entered contemporaneously herewith.

This 13th day of January, 2009.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\Opinions\2-07-128-Judgment-on-Pleadings.wpd